**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Abigail Carter, | Civil Action No.: 8:16-cv-02819-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Nancy A. Berryhill, | |
| Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 17), filed on November 21, 2017, recommending that the "Commissioner of Social Security's decision be reversed and remanded for administrative action consistent with the Report, pursuant to sentence four of 42 U.S.C. § 405(g)."

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

Both parties are represented by counsel, thus the court finds that it is unnecessary to explicitly state that the parties have the right to object.[2] Neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. It is unclear to the court whether the ALJ adequately considered Drs. Kiang's and Anderson's medical findings and thus improperly rejected them without having substantial evidence to support this rejection. (ECF No. 17 at 19-20.) Moreover, it is unclear as to whether the ALJ considered all of Plaintiff's conditions, both severe and non-severe; together, as required. (*Id.*) Therefore, the court **ACCEPTS** the Magistrate

[2] A formal notice of the parties' right to object was not included in the Report or as an exhibit.

Judge's Report and Recommendation (ECF No. 17) **REVERSING** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). This case is **REMANDED** to the Commissioner for further administrative action consistent with the Report.

    **IT IS SO ORDERED.**

                                                 *J. Michelle Childs*
                                             United States District Judge

December 28, 2017
Columbia, South Carolina